### 7522.  MADDOX v. CITY OF DUBLIN.

WADE, C. J.  1.  It appears from the recorder's untraversed answer to the writ of certiorari that a witness for the city testified: "I know the defendant Cecil Maddox. I bought a pint of whisky from him at his store on Laurens street in the city of Dublin. It was rye whisky. I bought one pint of whisky and paid him $1 for it. This was on the 24th day of December, 1915." It is, therefore, apparent that there is no merit in the exceptions, raised by the petition for certiorari, that the evidence failed to show that the offense was committed within two years prior to the commencement of the prosecution, as required by an ordinance of the municipality, and failed to show "that the said crime was committed within the city of Dublin."

2. The evidence for the city, which was accepted as true by the recorder, being sufficient to authorize the judgment of guilty, the court did not err in overruling the certiorari.                    *Judgment affirmed.*

DECIDED JULY 29, 1916.

Certiorari; from Laurens superior court—Judge Kent.  April 24, 1916.

*George B. Davis,* for plaintiff in error.

---

### 7523.  PLUNKETT v. THE STATE.

BROYLES, J.  1.  The defendant through his counsel having consented to a suspension of this case until the grand jury could report to the court, and having consented to the reading of this report and of the general presentments of the grand jury in the presence of the trial jury, he will not be heard to complain that the court overruled his motion for a mistrial based upon the fact that immediately after reading the general presentments, the foreman of the grand jury made the following oral statement to the court: "I desire to congratulate the members of the grand jury, because of the excellent work they have done for the county. We have made considerable investigation as to the illegal sale of liquor, but we have not secured much evidence. We believe, though, that our efforts will have a good effect in checking the sale of whisky." Under the foregoing facts, this oral statement of the foreman of the grand jury, even if prejudicial to the defendant, is no ground for a mistrial.

2. There is no merit in any of the other grounds of the amendment to the motion for a new trial; the evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed.*

DECIDED JULY 29, 1916.

Indictment for sale of liquor; from DeKalb superior court—Judge Smith.  May 9, 1916.

*Munday & Cornwell,* for plaintiff in error.

*George M. Napier, solicitor-general,* contra.